**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**
JENNIFER L. JOOST (Bar No. 296164)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel:  (415) 400-3000
Fax: (415) 400-3001
jjoost@ktmc.com

*Counsel for Kanti K. Patel, Individually
and as Trustee for the Kanti K Patel
Living Trust U/A 3/30/16, and Proposed
Lead Counsel for the Class*

[Additional counsel on signature page.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| PHILIPPE DAMIBA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NEKTAR THERAPEUTICS, HOWARD W. ROBIN, and GIL M. LABRUCHERIE, <br><br> Defendants. | Case No. 4:19-cv-05173-JSW <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF KANTI K. PATEL, INDIVIDUALLY AND AS TRUSTEE FOR THE KANTI K PATEL LIVING TRUST U/A 3/30/16, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL, AND IN OPPOSITION TO THE COMPETING MOTIONS** <br><br> Hearing Date: December 6, 2019 <br> Time: 9:00 a.m. <br> Judge: The Honorable Jeffrey S. White <br> Courtroom: 5, 2nd Floor |

CASE NO. 4:19-CV-05173-JSW
MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF KANTI K. PATEL, INDIVIDUALLY AND AS TRUSTEE FOR THE KANTI K PATEL LIVING TRUST U/A 3/30/16, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL, AND IN OPPOSITION TO THE COMPETING MOTIONS

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether Kanti K. Patel ("Patel"), individually and as trustee for the Kanti K Patel Living Trust U/A 3/30/16, should be appointed as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B).

2.      Whether Patel's selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel for the class should be approved pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v).

**MEMORANDUM OF POINTS AND AUTHORITIES**

Patel, the presumptive most adequate plaintiff pursuant to the PSLRA, respectfully submits this memorandum of points and authorities in further support of his motion for appointment as Lead Plaintiff and approval of his selection of counsel in the above-captioned securities class action lawsuit [ECF No. 24, the "Motion"], and in opposition to the competing motions [ECF Nos. 10, 14, 22].

**I.      SUMMARY OF ARGUMENT**

On October 18, 2019, Patel filed a timely motion under the PSLRA seeking appointment as Lead Plaintiff and approval of his selection of Kessler Topaz as Lead Counsel for the class.  In addition to Patel, three other movants filed motions seeking appointment as Lead Plaintiff: (1) Gurpreet Singh Narula ("Narula") [ECF No. 10]; (2) Timothy R. Bodiford, Nancy H. Bodiford, Matthew Pence, and Chor Phen Ng (the "Nektar Investor Group") [ECF No. 14];[1] and (3) The Tech Trader Fund LP ("Tech Trader") [ECF No. 22].

A straightforward application of the PSLRA presumes that the "most adequate plaintiff"— the plaintiff entitled to appointment as lead plaintiff—is the movant asserting the largest financial interest that also makes a *prima facie* showing of typicality and adequacy.  *See* 15 U.S.C. § 78u-

---

[1]      On October 30, 2019, the Nektar Investor Group filed a Notice of Non-Opposition acknowledging that it does not have the largest financial interest as required by the PSLRA.  *See* ECF No. 29.  Similarly, on November 1, 2019, Tech Trader filed a Notice of Non-Opposition acknowledging that "it appears that Mr. Patel has the 'largest financial interest in the relief sought by the class' as required by the PSLRA" and noting that Tech Trader "does not oppose the lead plaintiff motion of Mr. Patel."  ECF No. 31.

4(a)(3)(B)(iii)(I); *In re Cavanaugh v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 306 F.3d 726, 729-30 (9th Cir. 2002) (discussing the process for selecting a lead plaintiff under the PSLRA); *In re Zynga Inc. Sec. Litig.*, No. C 12–04007 JSW, 2013 WL 257161, at *1 (N.D. Cal. Jan. 23, 2013) (White, J.) (same).  Here, Patel is the presumptive Lead Plaintiff under the analysis required by the PSLRA and Ninth Circuit law.  *See Cavanaugh*, 306 F.3d at 729 n.2 ("The Act sets up a rebuttable presumption that the plaintiff with the largest stake in the controversy will be the lead plaintiff.") (citation omitted).

*First*, as detailed below, Patel indisputably has the "largest financial interest" in this litigation.  In fact, Patel, with losses of approximately *$2,435,110* on a last-in, first-out ("LIFO") basis, suffered losses that are nearly *five times* the size of the *combined* losses of the three other movants:[2]

| MOVANT | LIFO LOSSES |
| --- | --- |
| **Patel** | **$2,435,110** |
| ~~Tech Trader (Filed Non-Opposition; ECF No. 31)~~ | ~~$258,778~~ |
| Narula | $152,729 |
| ~~The Nektar Investor Group (Filed Non-Opposition; ECF No. 29)~~ | ~~$88,696~~ |

*Second*, in addition to asserting the dominant financial interest, Patel is also perfectly situated to represent all class members and readily satisfies the typicality and adequacy requirements of Rule 23.  As set forth in his initial Motion and the Declaration of Kanti K. Patel filed therewith, Patel fully understands the Lead Plaintiff's obligations under the PSLRA and has affirmed his commitment to achieving the best possible result for the class.  *See* ECF No. 24-4; ECF No. 24 at 6-7.

*Third*, because there is no "proof" to rebut Patel's presumptive status as the most adequate plaintiff under the PSLRA, Patel is entitled to appointment as Lead Plaintiff and the competing

---

[2]    LIFO is the preferred and most-widely-accepted methodology for calculating movants' losses.  *See Bo Young Cha v. Kinross Gold Corp.*, No. 12 Civ. 1203(PAE), 2012 WL 2025850, at *3 (S.D.N.Y. May 31, 2012) (observing that "the overwhelming trend . . . nationwide has been to use LIFO") (citations omitted); *Nicolow v. Hewlett Packard Co.*, Nos. 12–05980 CRB, *et al.*, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) ("The weight of authority puts the most emphasis on the competing movants' estimated losses, using a last in, first out (LIFO) methodology.") (internal quotation marks and citations omitted).  The movants' LIFO losses are taken from their respective motions.

motions must be denied. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption); *Cavanaugh*, 306 F.3d at 741 ("by statute, the presumption of most adequate plaintiff may be overcome only upon proof that the presumptively most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class'") (citation omitted).

*Fourth*, Patel has selected Kessler Topaz as Lead Counsel. Kessler Topaz is a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for injured shareholders. Thus, Kessler Topaz is highly qualified to prosecute this case and should be appointed Lead Counsel for the class. *See In re Cohen v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 586 F.3d 703, 709 (9th Cir. 2009) ("The statute expressly provides that lead plaintiff has the power to select lead counsel . . . .") (citations omitted).

Accordingly, Patel respectfully requests that the Court grant his Motion in its entirety and deny the competing motions.

## II.    ARGUMENT

### A.    Patel Should Be Appointed Lead Plaintiff

Under the PSLRA, the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23" is the presumptively most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729 ("While . . . [the PSLRA] contains a number of requirements, it is neither overly complex nor ambiguous . . . .") (citation omitted). The movant that has the largest financial interest need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *See Zynga,* 2013 WL 257161, at *1 (finding that the adequacy and typicality "analysis need only be preliminary at this stage in the proceedings"). The process is sequential and the Court must appoint the presumptively "most adequate plaintiff" unless a competing movant can provide "***proof***" that the movant will not fairly and adequately represent the class or is subject to unique defenses. 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added); *see also Cavanaugh*, 306 F.3d at 729 n.2 (explaining that the "[PSLRA] sets up a rebuttable presumption that the plaintiff with the largest stake in the

controversy will be the lead plaintiff" and that the PSLRA requires "proof" to rebut the presumption) (citations omitted).  Because Patel is the presumptively most adequate plaintiff to represent the class and no "proof" exists that could rebut that presumption, Patel is entitled to appointment as Lead Plaintiff.

### 1.    Patel Has the Largest Financial Interest

In determining whether a movant has the largest financial interest in the litigation, courts in this Circuit and across the country routinely look to the movant's asserted losses.  *See e.g.*, *Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status."); *Nicolow*, 2013 WL 792642, at *4 ("The weight of authority puts the most emphasis on the competing movants' estimated losses, using a last in, first out (LIFO) methodology.") (internal quotation marks and citations omitted); *Zynga*, 2013 WL 257161, at *2 (determining that the movant with the largest loss had the "greatest financial stake in the outcome of the case and [is] therefore the presumptive lead plaintiff").

Based on each movant's respective submissions to the Court, it cannot be disputed that Patel suffered the largest loss in connection with his Class Period transactions in Nektar securities, and thus, possesses the largest financial interest in this litigation:



As illustrated above, Patel's losses are ***nearly five times*** the size of the three other movants' ***combined*** losses and are ***more than nine times*** the size of the losses claimed by the next largest

movant, Tech Trader (which does not oppose Patel's motion).[3]  Accordingly, Patel has the largest financial interest in the relief sought by the class and should be appointed Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see also Zynga*, 2013 WL 257161, at *2 (appointing movant with largest losses); *Nicolow*, 2013 WL 792642, at *4 (appointing movant with largest LIFO losses).

### 2.    Patel Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, Patel also satisfies the applicable requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *Zynga*, 2013 WL 257161, at *1 (finding that the movant "must assert claims or defenses that are typical of the claims or defenses of the class and the court must find that the representative parties will fairly and adequately protect the interests of the class") (citation omitted).

As demonstrated in his Motion, Patel's claims are typical of the claims of the class.  *See* ECF No. 24 at 6.  Here, like all other class members, Patel: (1) purchased Nektar securities during the Class Period; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and; (3) was damaged thereby.  *See Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010) (White, J.) ("Typicality is achieved where the named plaintiff's claims arise from the same event or course of conduct that gives rise to the claims of the other class members and the claims are based on the same legal theory.") (citation omitted).

Patel also satisfies Rule 23's adequacy requirement because he is capable of "fairly and adequately protect[ing] the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Given the magnitude of his losses, Patel has a sufficient interest in this case to ensure the vigorous prosecution of this litigation, and Patel has further demonstrated his commitment to prosecuting this action efficiently and in the best interests of the class through the selection of Kessler Topaz as Lead Counsel for the class.  Moreover, as demonstrated in his Motion and Declaration of Kanti K. Patel submitted therewith, Patel is a sophisticated, experienced investor who is familiar with the

---

[3]   As noted above, both Tech Trader and the Nektar Investor Group have acknowledged that they do not have the largest financial interest as required by the PSLRA.  *See* ECF Nos. 29 & 31.

facts underlying this litigation. Patel understands and accepts the duties and responsibilities owed to other class members, including the duty to monitor the prosecution of this action in the best interests of the class, and has committed to overseeing counsel throughout the litigation. *See* ECF No. 24 at 6-7; ECF No. 24-4. Thus, Patel's interests are clearly aligned with other class members and there is no evidence of any conflicts. *See Zhu*, 682 F. Supp. 2d at 1053 ("The adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation.") (citations omitted).

Because Patel has the largest financial interest in the relief sought by the class and otherwise satisfies the relevant requirements of Rule 23, he should be appointed as Lead Plaintiff.

### B.     Patel's Selection of Lead Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen*, 586 F.3d at 712 ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citations omitted). Accordingly, Patel's selection of Kessler Topaz—a law firm that specializes in prosecuting complex class action litigation and maintains an office in this District— should be approved. *See, e.g.*, *In re NVIDIA Corp. Sec. Litig.*, No. 18-CV-07669-HSG, 2019 WL 1960341, at *4 (N.D. Cal. May 2, 2019) (appointing Kessler Topaz as co-lead counsel); *Plaut v. The Goldman Sachs Grp., Inc.*, No. 18-CV-12084 (VSB), 2019 WL 4512774, at *7 (S.D.N.Y. Sept. 19, 2019) (approving Kessler Topaz as sole lead counsel and finding that Kessler Topaz "will adequately and effectively represent the interests of the class"); *Hedick v. The Kraft Heinz Co.*, Nos. 19-cv-1339, *et al.*, 2019 WL 4958238, at *12 (N.D. Ill. Oct. 8, 2019) (appointing Kessler Topaz as co-lead counsel).

**C.     The Competing Motions Should Be Denied**

As set forth above, each of the other movants claims losses that are substantially smaller than those suffered by Patel.  Moreover, no "proof" exists to rebut Patel's presumptive status as the most adequate plaintiff under the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption); *Cavanaugh*, 306 F.3d at 741 ("by statute, the presumption of most adequate plaintiff may be overcome only upon proof that the presumptively most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class'") (citation omitted).  This, without more, is sufficient to deny the competing movants' motions under the PSLRA's "straightforward" lead plaintiff selection process.  *See Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status.").

**III.     CONCLUSION**

For the reasons discussed above, Patel respectfully requests that the Court: (1) appoint Patel as Lead Plaintiff; (2) approve Patel's selection of Kessler Topaz as Lead Counsel for the class; and (3) deny the competing motions.

Dated:  November 1, 2019                          Respectfully submitted,

**KESSLER TOPAZ
  MELTZER & CHECK, LLP**

*/s/ Jennifer L. Joost*
JENNIFER L. JOOST (Bar No. 296164)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel:  (415) 400-3000
Fax:  (415) 400-3001
jjoost@ktmc.com

-and-

NAUMON A. AMJED
RYAN T. DEGNAN
280 King of Prussia Road
Radnor, PA 19087
Tel:  (610) 667-7706
Fax:  (610) 667-7056
namjed@ktmc.com

rdegnan@ktmc.com

*Counsel for Kanti K. Patel, Individually and as Trustee for the Kanti K Patel Living Trust U/A 3/30/16, and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
BRIAN SCHALL (Bar No. 290685)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Tel:   (310) 301-3335
Fax:  (310) 388-0192
brian@schallfirm.com

*Additional Counsel for Kanti K. Patel, Individually and as Trustee for the Kanti K Patel Living Trust U/A 3/30/16*