Sara B. Brody (SBN 130222)
sbrody@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA  94104
Telephone: (415) 772-1200

Mathew J. Dolan (SBN 291150)
mdolan@sidley.com
SIDLEY AUSTIN LLP
1001 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 565-7000

Robin Wechkin (admitted *pro hac vice*)
rwechkin@sidley.com
SIDLEY AUSTIN LLP
1420 Fifth Avenue, Suite 1400
Seattle, WA 98101
Telephone: (415) 439-1799

*Attorneys for Defendants Nektar Therapeutics, Howard Robin, Gil Labrucherie, and Mary Tagliaferri*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| PHILIPPE DAMIBA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NEKTAR THERAPEUTICS, HOWARD W. ROBIN, GIL M. LABRUCHERIE, and MARY TAGLIAFERRI,<br><br>Defendants. | Case No. 4:19-cv-05173-JSW<br><br>CLASS ACTION<br><br>**DEFENDANTS NEKTAR THERAPEUTICS, HOWARD ROBIN, GIL LABRUCHERIE AND MARY TAGLIAFERRI'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Honorable Jeffrey S. White<br>Date:  August 7, 2020<br>Time: 9:00 a.m.<br>Oakland Courthouse, Courtroom 5 – 2nd Floor |

## I.   INTRODUCTION

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants Nektar Therapeutics, Howard Robin, Gil Labrucherie and Mary Tagliaferri file this request for judicial notice of documents cited in their Motion to Dismiss Plaintiffs' Amended Complaint and the accompanying Memorandum of Points and Authorities.  These documents are attached as exhibits to the concurrently-filed declaration of Robin Wechkin.  Each document is properly subject to judicial notice and/or may be considered under the doctrine of incorporation by reference.

In cases arising under Section 10(b) of the Securities Exchange Act of 1934, defendants' public statements "constitute the subject matter of the claim." *Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018).  In evaluating motions to dismiss Section 10(b) claims, courts accordingly consider "what representations [defendants] made to the market." *Id*.; *see also Norfolk Cty. Ret. Sys. v. Solazyme, Inc.*, 2016 WL 7475555, at *1 n.2 (N.D. Cal. Dec. 29, 2016) (taking judicial notice of SEC filings, press releases, and other investor communications showing that the "market was aware of information").  The documents attached to the Wechkin Declaration reflect Defendants' public statements during or relevant to the purported class period and are therefore properly before the Court as a matter of judicial notice.

Nearly all of these documents are also referred to or drawn upon in the Amended Complaint, and are thus also properly before the Court under the doctrine of incorporation by reference.  *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  In the list below, we provide parenthetical designations referring to the paragraphs in the Complaint in Plaintiffs cite or draw on the documents.

By way of further description, Exhibits 1 through 9 are true and correct copies of the following:

1.  The transcript of Nektar's February 28, 2019 earnings call for Q4 2018 (¶¶ 15, 41, 84, 125-128, 156, 162).  Defendants offer the exhibit for the purpose of demonstrating what Nektar and its officers said to the market about Nektar's collaboration with Bristol-Myers Squibb and the clinical trials to be conducted thereunder.

2.  The transcript of Nektar's May 8, 2019 earnings call for Q1 2019 (¶¶ 21-24, 102, 104-

1

108, 131-136, 138-139, 156, 162).  Defendants offer the exhibit for the purpose of demonstrating what Nektar and its officers said to the market about Nektar's collaboration with Bristol-Myers Squibb and the clinical trials to be conducted thereunder.

3.  The transcript of Nektar's August 8, 2019 earnings call for Q2 2019 (¶¶ 115, 117-120, 141-146, 149).  Defendants offer the exhibit for the purpose of demonstrating what Nektar and/or its officers said to the market about Nektar's collaboration with Bristol-Myers Squibb, the clinical trials to be conducted thereunder, and the issue Nektar had discovered in the manufacturing of NKTR-214.

4.  Excerpts of Nektar's February 14, 2018 SEC Form 8-K and one of the attachments to that form, Ex. 99.1, which is the Company's press release (¶¶ 66, 73).  Defendants offer the exhibit for the purpose of demonstrating what Nektar said to the market about its collaboration with Bristol-Myers Squibb and the clinical trials to be conducted thereunder.

5.  Nektar's February 28, 2019 SEC Form 8-K and attached press release (¶¶ 83, 124, 129, 140).  Defendants offer the exhibit for the purpose of demonstrating what Nektar said to the market about its collaboration with Bristol-Myers Squibb and the status of its clinical trials.

6.  Nektar's May 8, 2019 SEC Form 8-K and attached press release (¶¶ 20, 101, 108, 130, 137, 140).  Defendants offer the exhibit for the purpose of demonstrating what Nektar said to the market about its collaboration with Bristol-Myers Squibb and its clinical trials.

7.  Excerpts of Nektar's May 10, 2018 Form 10-Q for Q1 2018, including excerpts of attached Exhibit 10.1, which is a copy of Nektar's Strategic Collaboration Agreement with Bristol-Myers Squibb (¶¶ 3, 5-7, 12, 48, 68-80, 140, 152-153, 160).  A copy of the Strategic Collaboration Agreement in its entirety may be found at:https://www.sec.gov/Archives/edgar/data/906709/000156459018012975/0001564590-18-012975-index.htm.  Defendants offer the exhibit for the purpose of demonstrating

2

what Nektar communicated to the market with respect to its Strategic Collaboration Agreement with Bristol-Myers Squibb.

8. Excerpts of Nektar's FY 2018 SEC Form 10-K (¶¶ 9-11, 77-79). Defendants offer the exhibit for the purpose of demonstrating what Nektar told investors about risks associated with an investment in the Company.

9. Excerpts of Nektar's FY 2017 SEC Form 10-K. Defendants offer the exhibit for the purpose of demonstrating what Nektar told investors about risks associated with an investment in the Company. While Plaintiffs do not cite this SEC filing in the Amended Complaint, the document is an appropriate subject of judicial notice for the reasons stated below.

## II.    LEGAL STANDARDS

A court may consider documents on a motion to dismiss, even if not relied upon in the complaint, by taking judicial notice of them. Courts may "judicially notice a fact that is not subject to reasonable dispute," because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Accordingly, "a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018), (citations and internal quotation marks omitted), *cert. denied*, *Hagan v. Khoja*, 139 S. Ct. 2615 (2019).

Under the doctrine of incorporation by reference, a court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading" on a motion to dismiss. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (alteration in original, internal quotation marks and citations omitted), *superseded by statute on other grounds as stated in In re Quality Sys., Inc. Litig.*, 865 F.3d 1130, 1146 (9th Cir. 2017); *see also TSI USA LLC v. Uber Techs., Inc.*, 2018 WL 4638726, at *2 (N.D. Cal. Sept. 25, 2018). "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents

3

that weaken – or doom – their claims." *Khoja*, 899 F.3d at 1002. A document may be deemed incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id*. (citations and internal quotation marks omitted); *see also Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 905 (N.D. Cal. Sept. 3, 2019).

## III.    ARGUMENT

### A.    Nektar's Investor Call Transcripts Are Subject To Judicial Notice And Are Incorporated By Reference Into The Complaint (Exhibits 1-3)

Exhibits 1 through 3 are transcripts from earnings calls to investors "the accuracy of which is not reasonably subject to dispute." *Wochos I*, 2018 WL 4076437, at *2. As in *Wochos I*, the transcripts in this case "constitute the subject matter of the claim: [defendants'] public statements." *Id*. The Court may accordingly consider these documents in evaluating the motion to dismiss for the purpose of determining what Defendants told the market. *Id*.; *see also Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019) (*Wochos II*) ("earnings conference call transcripts" are appropriate subjects of judicial notice, which can be considered for the purpose of determining what representations defendant made to the market).

All of these transcripts may also be considered under the doctrine of incorporation by reference because Plaintiffs explicitly and extensively rely upon these documents in the Complaint. *Khoja*, 899 F.3d at 1002; *In re Leapfrog Enter., Inc. Sec. Litig.*, 200 F. Supp. 3d 987, 993 (N.D. Cal. 2016) (where "[p]laintiffs expressly referred to these exhibits in the FAC, and relied on them as sources of the allegedly fraudulent statements" it was appropriate to consider them incorporated by reference). Defendants' statements on earnings calls are the subject of Plaintiffs' claims; indeed, the majority of the statements Plaintiffs challenge were made on these earnings calls. ¶¶ 15, 22-23, 84, 105-107, 125-126, 132-134, 138. Because Plaintiffs rely on or extensively quote from Exhibits 1 through 3 as the bases of their claims, the full text of these documents is properly before the Court.[1] *Compare Khoja*, 899 F.3d at 1005 (affirming incorporation by reference of a Forbes.com article the

---

[1] The earnings call transcripts at Exhibits 1 and 2 both contain challenged statements. The transcript at Exhibit 3 contains purported corrective disclosures.

4

plaintiffs quoted and alleged was the cause of a stock price decline in their complaint) *with Jones*, 400 F. Supp. 3d at 906 (denying to incorporate by reference documents on which the plaintiffs' complaint did not depend).  "Plaintiffs cannot selectively quote from one part of a publicly-available transcript and then object to Defendants' decision to provide the Court with the complete transcript." *Colyer v. Acelrx Pharms., Inc.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015); *see also Khoja*, 899 F.3d at 1002; *TSI USA*, 2018 WL 4638726, at *2.  Nektar's earnings call transcripts are incorporated by reference into the complaint and are properly before the Court for the purpose of determining what Defendants said to the market.

### B.      The Court May Take Judicial Notice Of SEC Filings (Exhibits 4-9)

Exhibit 4 is Nektar's February 14, 2018 SEC Form 8-K and an attached press release, in which Nektar reported on a new development in its collaboration with Bristol-Myers Squibb.  Courts routinely take judicial notice of materials filed with the SEC, particularly in securities cases.  *E.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings are proper subjects of judicial notice); *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (SEC filings are subject to judicial notice); *In re Facebook, Inc. S'holder Deriv. Privacy Litig.*, 367 F. Supp. 3d 1108, 1118 (N.D. Cal. 2019) (SEC filing subject to judicial notice); *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) ("SEC filings are routinely subject to judicial notice"); *Wochos II*, 2019 WL 1332395, at *2 (documents filed with the SEC are "appropriate subjects of judicial notice").

The February 14, 2018 SEC Form 8-K filing is also appropriately before the Court because it is incorporated by reference into the Complaint.  Plaintiffs refer directly to the press release attached to the Form 8-K and refer to Nektar's collaboration with Bristol-Myers Squibb in connection with their allegation that Defendants misled the market concerning the number of indications it was pursuing.  ¶¶ 66, 73.

Exhibits 5 and 6 are Nektar's February 28, 2019 and May 8, 2019 Forms 8-K attaching press releases in which Nektar referred to its collaboration with Bristol-Myers Squibb and its clinical trials.  The press releases attached are properly before the Court both as SEC filings and under the

5

incorporation by reference doctrine because Plaintiffs directly quote the press releases throughout their Complaint. ¶¶ 83, 124, 129, 130. The press releases contain three of the statements Plaintiffs challenge and hence are the bases of Plaintiffs' claims. ¶¶ 124, 130. Plaintiffs' allegations can fairly be adjudicated only in light of the actual text of the press releases. *See Khoja*, 899 F.3d at 1007.

Exhibit 7 is Nektar's May 10, 2018 SEC Form 10-Q, to which the Nektar's Strategic Collaboration Agreement with Bristol-Myers Squibb is attached. In addition to being properly before the Court as an SEC filing, the May 10, 2018 SEC Form 10-Q is also appropriately before the Court under the incorporation by reference doctrine because Plaintiffs repeatedly refer to the terms of the Strategic Collaboration Agreement in their complaint. ¶¶ 3, 5-7, 12, 48, 68-80, 140, 152-153, 160.

Exhibits 8 and 9 are Nektar's SEC Form 10-Ks for fiscal years 2017 and 2018, in which Nektar cautioned the market about risks related to investment in its stock. These documents are properly before the Court as SEC filings; specifically, the documents show the cautionary statements Nektar made to the market during the relevant period. *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) (judicial notice of cautionary statements in public documents is appropriate as a statutory matter and because "the court may take judicial notice of information that was publicly available to reasonable investors at the time the defendant made the allegedly false statement"); *see also, e.g., Veal v. LendingClub Corp.*, 2019 WL 5698072, at *9 (N.D. Cal. Nov. 4, 2019) (taking judicial notice of Form 10-Qs not cited in the plaintiff's complaint "for the sole purpose of determining what representations [the defendant] made to the market").

Exhibit 8, Nektar's FY 2018 SEC Form 10-K, is also appropriately before the Court because it is incorporated by reference into the Complaint. Plaintiffs refer repeatedly to the FY 2018 Form 10-K. ¶¶ 9-11, 77-79.

**IV.   CONCLUSION**

The nine documents attached to the Wechkin Declaration and cited in Defendants' motion to dismiss are properly before the Court.

6

Date:  April 10, 2020

SIDLEY AUSTIN LLP

By:*/S/ Sara B. Brody*
SARA B. BRODY (SBN 130222)

*Attorneys for Defendants*

7