Sara B. Brody (SBN 130222)
sbrody@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200

Matthew J. Dolan (SBN 291150)
mdolan@sidley.com
SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, CA 94304
Telephone: (650) 565-7000

*Attorneys for Nominal Defendant Nektar
Therapeutics, and Defendants Howard W. Robin,
Gil Labrucherie, Jeff Ajer, Robert B. Chess, R.
Scott Greer, Lutz Lingnau, Roy A. Whitfield, and
Karin Eastham*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PHILIPPE DAMIBA, Individually and on Behalf of All Others Similarly Situated, | Case No. 4:19-cv-05173-JSW |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| NEKTAR THERAPEUTICS, HOWARD W. ROBIN, GIL M. LABRUCHERIE, and MARY TAGLIAFERRI, | Assigned to: Honorable Jeffrey S. White |
| Defendants. | |

**NOTICE OF MOTION AND MOTION TO DISMISS**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** the defendants in *In re Nektar Therapeutics Derivative Litigation*, Case No. 4:20-cv-01088-JST (the "Consolidated Derivative Action"), submit this motion to consider whether the Consolidated Derivative Action should be related to the present case.  The defendants in the Consolidated Derivative Action include (1) nominal defendant Nektar Therapeutics, and (2) individual defendants Howard W. Robin, Gil Labrucherie, Jeff Ajer, Robert B. Chess, R. Scott Greer, Lutz Lingnau, Roy A. Whitfield, and Karin Eastham.  (We refer to the nominal defendant and the individual defendants in the Consolidated Derivative Action collectively as "Defendants.")

**MEMORANDUM AND POINTS OF AUTHORITIES**

The present case—*Damiba v. Nektar Therapeutics—*is a putative class action premised on allegations that Nektar and three of its executives violated the federal securities laws by making purportedly false or misleading statements about Nektar's collaboration with Bristol-Myers Squibb Company to develop the drug NKTR-214, and about Nektar's planned presentation of data at a conference in September 2019.  Plaintiffs allege that certain of Defendants' public statements were false or misleading in light of Nektar's purported failure to disclose (1) an alleged agreement between Nektar and Bristol-Myers to significantly reduce the two companies' scope of collaboration, and (2) a manufacturing issue that affected certain batches of NKTR-214.

The Consolidated Derivative Action is a stockholder derivative action purportedly filed on Nektar's behalf against two of Nektar's executives (Robin and Labrucherie) and six of Nektar's current outside directors.  Like the plaintiff in *Damiba*, the derivative plaintiffs assert claims premised on Nektar's purported failure to disclose (1) an alleged agreement between Nektar and Bristol-Myers to significantly reduce the scope of their collaboration, and (2) a manufacturing issue that affected certain batches of NKTR-214. The Consolidated Derivative Action consists of two derivative actions consolidated by Judge Tigar on May 11, 2020:

1

- *Hunt v. Robin*, *et al.*, Case No. 3:20-cv-01088-JST, filed February 11, 2020.  A copy of the *Hunt* complaint is attached as Exhibit A to the accompanying stipulation.
- *Becker v. Robin, et al.*, Case No. 3:20-cv-01280-RS, filed February 20, 2020.  A copy of the *Becker* complaint is attached as Exhibit B to the accompanying stipulation.
- A copy of Judge Tigar's order consolidating the cases is attached as Exhibit C to the accompanying stipulation.

Pursuant to Local Rules 3-12 and 7-11, the Consolidated Derivative Action should be related to *Damiba*.  Local Rule 3-12 provides that actions are related when: "(1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  L.R. 3-12(a).  The Consolidated Derivative Action and the *Damiba* action meet this standard.

The claims in the Consolidated Derivative Action arise from substantially the same underlying allegations—regarding the Bristol-Myers collaboration and the manufacturing issue— that underlie the securities claims in *Damiba*.  Indeed, the plaintiffs in the Consolidated Derivative Action state that they have drawn on the allegations in *Damiba*.  Stipulation Ex. A at 2 & Ex. B at 2. All but one of the defendants in *Damiba* are also defendants in the Consolidated Derivative Action. Assigning the cases to a single judge will conserve judicial resources and promote an efficient determination of these matters.  Proceeding before different judges would likely lead to unnecessary duplication of effort.

In accordance with Local Rule 7-11(a), Defendants sought agreement on this Administrative Motion to Consider Whether Cases Should Be Related from the plaintiffs in the Consolidated Derivative Action.  Plaintiffs in the Consolidated Derivative Action have stipulated to the relation of the cases.  Stipulation ¶¶ 1-2.

Accordingly, Defendants respectfully request that the Court enter the proposed order relating

2

the Consolidated Derivative Action to the *Damiba* action.

Date:  May 27, 2020                                    SIDLEY AUSTIN LLP

By:*/s/ Matthew J. Dolan*

Matthew J. Dolan (SBN 291150)

*Attorneys for Nominal Defendant Nektar Therapeutics, and Defendants Howard W. Robin, Gil Labrucherie, Jeff Ajer, Robert B. Chess, R. Scott Greer, Lutz Lingnau, Roy A. Whitfield, and Karin Eastham*

3

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 4:19-cv-05173-JSW